TOWN OF PLEASANT PRAIRIE, Appellant, v. CITY OF
KENOSHA, Respondent.

*No. 391. Submitted under sec. (Rule) 251.54 January 7, 1975.—
Decided March 4, 1975.*
(Also reported in 226 N. W. 2d 210.)

1

The cause was submitted for the appellant on the brief of *Schoone, McManus, Hanson & Grady, S. C.* of Racine; and for the respondent on the brief of *Michael S. Fisher,* Kenosha city attorney, and *Terry L. Constant* and *Jerold W. Breitenbach,* assistant city attorneys.

CONNOR T. HANSEN, J.   The town argues it is entitled to an injunction, and was entitled to the temporary restraining order, because of the provisions of sec. 59.97 (7), Stats., to the effect that when an annexation contest is in the court, county zoning prevails and the county has jurisdiction over the zoning of the area affected until the case is over.   The town reads the statute to mean that the city is without power to consider or pass a zoning ordinance.   The city argues that it

is entitled to pass a zoning ordinance, even though the ordinance may not become effective until the annexation case is concluded. We do not reach these arguments because of our conclusion that the trial court properly applied the separation of powers doctrine in dissolving the temporary restraining order.

As a general rule a court of equity cannot restrain the discretion of a municipal body in the exercise of powers that are legislative in character. *State ex rel. Rose v. Superior Court of Milwaukee County* (1900), 105 Wis. 651, 81 N. W. 1046. There are four exceptions to this rule:

"[W]here the governing body of the municipality has no power to act on the particular subject, legislatively, at all, or where the threatened act is not legislative, but purely ministerial, or where such body is clothed with certain powers, but threatens to go beyond or outside of such powers, and thereby invade the property or property rights of the complainant, or where such body threatens to squander or divert some fund or property held by it or some of its officials in trust for its taxpayers and citizens." *State ex rel. Rose v. Superior Court of Milwaukee County, supra,* page 677.

The first exception is not applicable here. The "particular subject" is zoning, and the city has the power to pass a zoning ordinance under sec. 62.23, Stats. 1971. Whether the property annexed is within the city's territorial zoning jurisdiction is not a question of power to act on a "particular subject." By analogy, this is a matter of personal rather than subject matter jurisdiction and the first exception applies only to subject matter jurisdiction.

The second exception does not apply because the act is legislative and not ministerial. The third exception is not applicable because no property or property rights of the town would be invaded by the enactment of a zoning ordinance. If any property rights were affected by a

zoning change, they are those of the owners of the property. The owners of the property affected here are not parties to the action. Moreover, according to the allegations of the complaint, they petitioned for the annexation. Obviously they do not object to a change in zoning.

This case does not come within the fourth exception because there is no allegation of any fund or property held in trust for taxpayers and citizens which is threatened to be diverted or squandered. In the absence of such a fund or trust, the fourth exception does not cover revenue deficits. We conclude that the trial court properly dissolved the restraining order in this case. The general rule of the *Rose Case* applies, because none of the exceptions do.

*By the Court.*—Order affirmed.